UNITED STATES of America, Appellee,

v.

Marie C. HAWKINS, Defendant–Appellant.

No. 08–0617–cr.

United States Court of Appeals, Second Circuit.

Dec. 16, 2008.

Paul P. Rinaldo, Forest Hills, NY, for Appellant.

Carolyn Pokorny, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY.

PRESENT: Hon. AMALYA L. KEARSE, Hon. REENA RAGGI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant Marie C. Hawkins, whose conviction after a bench trial (Robert M. Levy, U.S.M.J.) for disorderly conduct, *see* 38 C.F.R. § 1.218(b)(11), and simple assault, *see* 18 U.S.C. § 113(a)(5), was affirmed on appeal to the district court, *see* Fed.R.Crim.P. 58(g)(2), now renews her sufficiency challenge to her assault conviction in this court. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

"We review *de novo* challenges to the sufficiency of the evidence." *United States v. Hassan,* 542 F.3d 968, 980 (2d Cir.2008). "To succeed on such a chal-

lenge," Hawkins "must satisfy a heavy burden, as we consider only whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[W]e must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Tran,* 519 F.3d 98, 105 (2d Cir.2008) (internal quotation marks omitted). "Reversal is warranted only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Neither party contends that a different standard should be applied here because Hawkins's conviction resulted from a bench trial. *See United States v. Pierce,* 224 F.3d 158, 164 (2d Cir.2000) ("When reviewing a claim of insufficiency of the evidence, the standard of review is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial." (internal quotation marks omitted)).

Hawkins first contends that her simple assault conviction cannot stand because "[t]here was, in fact, no physical injury" as a result of her actions, and "no evidence of any intent on the part of the defendant to cause physical injury." This contention fails. Actual physical injury is not a required element of simple assault. *See United States v. Temple,* 447 F.3d 130, 139 (2d Cir.2006) (discussing 18 U.S.C. § 111(a)(1)). As to the intent to cause physical injury, even assuming that simple assault requires such intent, the evidence of (1) Hawkins's verbal threats, including testimony that Hawkins threatened to wait for Nurse Philips in the parking lot outside the hospital when Philips went home; and (2) Hawkins's aggressive physical acts, including giving Philips a hard push in the back, were clearly sufficient to support the

conclusion that Hawkins possessed that intent.

Hawkins's second contention is that the testimony from Philips that she was subjectively "frightened" as a result of Hawkins's actions cannot support a finding of a reasonable apprehension of bodily harm. This contention fails because significant additional evidence of verbal assaults from Hawkins as well as aggressive physical acts well supported a finding that Philips's subjective fear was objectively reasonable.

To the extent Hawkins challenges the sufficiency of the evidence supporting any of the other elements of the offense, our review of the record confirms the district court's conclusion that such arguments must be rejected as without merit. *See United States v. Hawkins,* No. 07 Cr. 355, order at 6–7, 2008 WL 207842 (E.D.N.Y. Jan. 23, 2008).

We have considered all of Hawkins's contentions on appeal and have found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.